THOMPSON v. McKEAN.

1. **Tax Sale:** FRAUD. A alleged that his grantor procured a tax deed upon lands sold for the taxes of 1860, and that B received a deed upon the same lands under a sale for the taxes of 1859, and had since fraudulently procured a decree quieting his title; the abstract showed that A introduced only the tax deed and the conveyance to himself: *Held,* that the facts did not sustain the allegation that B's title was fraudulent.

2. ——: ——: JUDGMENT. Even if the sale under which B claimed was for taxes delinquent prior to the year 1860, the decree quieting his title would not be fraudulent, but erroneous only and not vulnerable to collateral attack.

*Appeal from Jones District Court.*

MONDAY, JUNE 12.

ACTION in chancery to quiet the title of certain land described in the petition. There was a decree dismissing plaintiff's petition; he now appeals to this court. The facts of the case appear in the opinion.

*Dosh Brothers & Carstine,* for appellant

*Sheean & McCarn,* for appellee.

BECK, J.—I. The petition shows that both parties claim under different tax titles. Plaintiff's title is based upon a tax sale made March 16, 1863, for the taxes of 1860. The treasurer's deed was executed March 21, 1866. Plaintiff alleges in his petition, that defendant's tax title is based upon a tax sale and deed, made subsequently to the sale and deed under which he claims, for taxes of the year 1859. It is also averred that defendant's intestate instituted an action against plaintiff's grantor to quiet the title of the lands in him; that since service of notice was had by publication and more than two years have elapsed since judgment therein was rendered, granting the relief prayed for by the plaintiff in that action. It is alleged that this judgment was obtained by fraud, because the treasurer of the county had no right to sell the land for the

taxes of 1859, it having been sold to plaintiff's grantor for the taxes of 1860. Every allegation of the petition is denied. Special defenses set up need not be mentioned.

We need not determine whether the facts alleged in plaintiff's petition as fraudulent, if established, would have avoided defendant's title. The abstract before us utterly fails to show that they were proved to the court. It shows that all the evidence introduced by the plaintiff was the tax deed and the conveyance from the grantee therein to himself. It then proceeds to state that all the evidence offered by defendant was the decree quieting the title in him, or rather in his intestate. The decree, it is admitted, was regularly obtained, proper proof of service by publication, etc., appearing by the files. But the abstract fails to show that defendant's tax deed, which was admitted to have been made on the 22d day of March, 1867, was upon a sale for taxes becoming delinquent prior to 1860, the year in which the taxes, for which the land was sold to plaintiff's grantor, became delinquent. For all that appears in the abstract the sale under which defendant claims title may have been for the taxes of a year subsequent to 1860. The abstract utterly fails to show the facts of which plaintiff complains and which he alleges constitute the fraud in the case.

II. It is not claimed that the decree quieting title in defendant's intestate is irregular or invalid, unless it be for the alleged fraud. Even if the allegation in the petition of the fact that the sale under which defendants claim was for taxes delinquent prior to the year 1860, be taken as true, it is, indeed, difficult to see how this alone constitutes fraud. No act of defendant's intestate or others, or any proceeding of the court, is charged to have been fraudulent. All that can be said about it is that the decree is erroneous, not fraudulent. No steps have been taken to correct the error. It must be regarded as a valid decree.

2. ——: ——: judgment.

AFFIRMED.